```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

MUNICIPAL COMMUNICATIONS III,   *
LLC,
                                *
    Plaintiff,
                                *
vs.
                                *       CASE NO. 4:22-cv-36-CDL
COLUMBUS, GEORGIA; MAYOR OF
COLUMBUS, GEORGIA; and COUNCIL  *
MEMBERS OF COLUMBUS, GEORGIA,
                                *
    Defendants.
                                *

## O R D E R

The Columbus-Fort Benning Shrine Club Holding Company, Inc. ("Shrine Club") seeks to intervene as a party defendant in this action. For the following reasons, its Motion to Intervene (ECF No. 6) is granted.

## FACTUAL BACKGROUND

This action arises from Defendants' decision to deny the rezoning requests of Municipal Communications III, LLC ("Municipal"). The Defendants' approvals are necessary for Municipal to construct a wireless service tower and antenna facility ("cell tower") on property owned by the Shrine Club. Municipal filed this action on February 10, 2022 pursuant to the Federal Telecommunications Act of 1996 and the federal and Georgia Constitutions, naming Columbus, Georgia, the Mayor of Columbus, and the members of the Columbus Council (collectively the "Columbus

Defendants") as Defendants. Compl. ¶¶ 1, 3, ECF No. 1. It seeks a ruling that mandates that the Columbus Defendants permit the construction of the cell tower. The Columbus Defendants filed their Answer to Municipal's Complaint on July 29, 2022. Defs.' Answer & Defenses to Pl.'s Compl., ECF No. 5. And the Shrine Club filed its motion to intervene shortly thereafter on August 1, 2022. Mot. to Intervene, ECF No. 6. Municipal opposes that motion.

The Shrine Club's interest in this action arises from its ownership of the property upon which Municipal intends to construct its cell tower. In 2014, the Shrine Club signed a lease with Municipal, which purportedly gave Municipal the right to use a portion of its property to build the cell tower. Pl.'s Br. in Opp'n to Mot. to Intervene as of Right Ex. 2, Lease Agreement 1, ECF No. 9-2. Municipal later applied to Columbus for the necessary zoning approvals so it could build the cell tower, but the Columbus Defendants refused to grant the requested approvals. Compl. ¶ 2.

The Shrine Club maintains that because Municipal does not own the property, Municipal did not have standing to file the zoning applications in the first place under a Columbus ordinance. Mem. in Supp. of Mot. to Intervene as of Right 1, ECF No. 6-1. The Shrine Club further claims that the 2014 lease between it and Municipal is invalid or, alternatively, that the scope of the lease does not authorize Municipal's conduct. *Id.* at 3.

DISCUSSION

The Shrine Club moves to intervene as a matter of right. To intervene as a matter of right, the Shrine Club must show: (1) its motion is timely; (2) it claims an interest relating to the property that is the subject of the action; and (3) its ability to protect that interest may be impaired or impeded as a "practical matter" upon disposition of the action. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (interpreting Fed. R. Civ. P. 24(a)). If the Shrine Club carries this burden, the Court must permit it to intervene "unless existing parties adequately represent [its] interest." Fed. R. Civ. P. 24(a)(2). The Court first addresses whether the Shrine Club has met its burden.

I. **Timeliness**

The Court finds unpersuasive Municipal's argument that the Shrine Club's motion is untimely because the Shrine Club has had eight years to challenge the lease and declined to do so until Municipal filed this action. Pl.'s Br. in Opp'n to Mot. to Intervene as of Right 9–10, ECF No. 9. Timeliness depends upon when the Shrine Club "actually knew or reasonably should have known of [its] interest *in the case*," not when it suspected the lease was invalid. *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017) (emphasis added) (quoting *Meek v. Metro. Dade Cnty.*, 985 F.2d 1471, 1477 (11th Cir. 1993) (per curiam), *abrogated on other grounds*, *Dillard v. Chilton*

*Cnty. Comm'n*, 495 F.3d 1324, 1332-33 (11th Cir. 2007) (per curiam)).  The Shrine Club filed its motion to intervene three days after the Columbus Defendants filed their Answer and within six months of the filing of Municipal's original complaint. Because the motion was filed in the earliest stages of this litigation and before any discovery has begun, the Shrine Club's intervention will not cause any undue delay or prejudice to the other parties.  Therefore, the Court finds the motion was timely filed.  *See Chiles*, 865 F.2d at 1213 (finding that a motion to intervene was timely when it was filed only seven months after the original complaint and before any discovery had begun); *see also Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (finding that a delay of six months did not prejudice the parties, even when discovery was largely complete when the motion to intervene was filed).

## II. Interest in the Property

The Shrine Club certainly has an interest in the property that is the subject of this litigation.  Although a dispute exists as to the extent of Municipal's leasehold interest, it is undisputed that the Shrine Club holds a fee ownership interest in the property upon which the cell tower will be placed if permitted. To intervene as a matter of right, the Shrine Club's interest must be "direct, substantial, [and] legally protectible."  *Chiles*, 865 F.2d at 1214 (quoting *Athens Lumber Co. v. Fed. Election Comm'n*,

4

690 F.2d 1364, 1366 (11th Cir. 1982)). "In essence, the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding." *Athens Lumber Co.*, 690 F.2d at 1366. But its interest does not need to be identical to the claims asserted in the main action. *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970).[1]

The Court finds that as the fee simple owner and alleged lessor of the property upon which the cell tower is proposed, the Shrine Club has a direct, substantial, and legally protectible interest in the property that is the subject of this action. The relief Municipal seeks will directly affect the property owned by the Shrine Club. *See Diaz*, 427 F.2d at 1124 ("Interests in property are the most elementary type of right that Rule 24(a) is designed to protect."). The claims asserted in this litigation also will directly implicate the Shrine Club's lease with Municipal. Although it is unnecessary to resolve the validity of the lease in deciding the present motion to intervene, the fact that legal decisions regarding the validity and scope of the Shrine Club's lease will likely be made in this litigation further indicates the significance of the Shrine Club's interest in the property that is the subject of this action. *See Clark v. Putnam*

---

[1] Fifth Circuit decisions issued by close of business on September 30, 1981 are binding on the Eleventh Circuit and its district courts. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

*Cnty.*, 168 F.3d 458, 462 (11th Cir. 1999) (rejecting plaintiffs' merits-based argument because "whether an applicant for intervention will prevail in a suit is not an element of intervention by right").

**III. Ability to Protect Its Interests**

Having found that the Shrine Club has protectible interests, the next question is whether its ability to protect those interests may be practically impaired or impeded by the disposition of the action. The standard for making this assessment is whether the Shrine Club will be "practically disadvantaged" by its exclusion from the proceedings. *Huff v. Comm'r*, 743 F.3d 790, 800 (11th Cir. 2014). The Court finds that it will. As previously explained, the Shrine Club has interests in maintaining its property's current zoning classification and in challenging the validity and scope of its lease with Municipal. In its Complaint, Municipal requests that this Court grant injunctive relief requiring the Columbus Defendants to approve Municipal's rezoning application for land that it leases from the Shrine Club. Additionally, in their Answer, the Columbus Defendants deny that Municipal has an enforceable lease on the property that it seeks to rezone. Defs.' Answer & Defenses to Pl.'s Compl. ¶ 15. Thus, based on the present record, it appears that the Court will not only be called upon to decide whether this cell tower shall be constructed on the Shrine Club's property but also the scope and

6

validity of its lease with Municipal.  The Shrine Club should not have to depend upon the Columbus Defendants to make its arguments for it.  While they may have similar interests, they may not be similarly motivated.  And quite frankly, their interests could diverge.  While they may seek the same destination, it is speculation as to whether they will decide to travel the same road to get there.  To fully ensure the protection of its interests, the Shrine Club needs to be in the Columbus Defendants' caravan but not necessarily in the same vehicle.

Municipal speculates that the Shrine Club will not be harmed if the property is rezoned.  The present record does not support this contention.  The Shrine Club does not want a cell tower on its property.  It claims that Municipal does not have the legal right to construct such a tower.  If the Court nevertheless mandates that the property be rezoned and authorizes the construction of the cell tower, the Shrine Club has a non-frivolous argument that it will be harmed.

The Court also finds unpersuasive Municipal's argument that intervention should be denied because the Shrine Club can litigate the validity of the lease in a separate state court action.  While the present action may not estop or bar the litigation of the lease-related issues in another action, the resolution of those issues in this action could have some practical impact on their resolution in the state court action.  *See Chiles*, 865 F.2d at

7

1214 (finding that "the potential *stare decisis* effect" of a final ruling "may supply that practical disadvantage which warrants intervention as of right").

Allowing the Shrine Club to intervene may make no difference in the ultimate outcome of this action, but it gives the Shrine Club a seat at the table to protect its significant and substantial interests.  Excluding the Shrine Club from the table may impair or impede their ability to protect those interests.

**IV.   Adequacy of Representation**

Having determined that the motion to intervene is timely, that the Shrine Club has a protectible interest in the property that is the subject of this action, and that its ability to protect that interest may be impaired or impeded by excluding it from participating in this action, the Court must next decide whether its interests are adequately represented by the present parties. As alluded to previously, the Court finds that the Shrine Club's interests are not adequately represented by the present parties. The Court rejects Municipal's simplistic conclusion that the Shrine Club's interests are adequately represented by the Columbus Defendants because both seek the same ultimate objective: a denial of Municipal's request for an injunction.

To establish inadequate representation, the Shrine Club must show that the current representation of its interest "may be" inadequate.  *Id.*  Both the Supreme Court and the Eleventh Circuit

have described the "minimal" nature of this burden. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *U.S. Army Corps of Eng'rs*, 302 F.3d at 1259.

The Court has previously explained that while the Shrine Club and the Columbus Defendants presently share a desired outcome, their interests are not identical. Specifically, the Shrine Club has an interest in defending its own property rights. The Columbus Defendants have other interests, including political ones, which may be legitimate to the extent that Defendants comply with existing law and their own rules and procedures. Sharing a final objective does not mean the Columbus Defendants are equally motivated. Nor does it mean that they will choose the same path toward that objective. The Court finds that for purposes of determining whether the Shrine Club should be allowed to intervene in this action, the Columbus Defendants do not adequately represent the Shrine Club's interests. *See Chiles*, 865 F.2d at 1215 (finding that a county pursuing claims based on alleged illegal operations of a detention facility could not adequately represent the detainee-intervenors because the county could choose a litigation strategy that did not emphasize the detainee-intervenors' interests).

## CONCLUSION

For the foregoing reasons, the Shrine Club's motion to intervene (ECF No. 6) is granted, and the Shrine Club is hereby

added as a defendant in this action.  The stay that was previously imposed (ECF No. 15) is lifted.  Within twenty-one days of this Order, the parties shall submit a joint proposed scheduling order containing the information required by the Court's previously issued Rules 16/26 Order.

    IT IS SO ORDERED, this 22nd day of November, 2022.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA